IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TOM NICHOLS,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN GOOTKIN, TODD BOESE, JIM SALMONSEN, JODI COZBY, and GORDON PIERSON,<br><br>Defendants. | CV 23-63-H-DWM<br><br>ORDER |

Plaintiff Tom Nichols seeks reconsideration of this Court's previous order dismissing a defendant and has filed renewed motions for a preliminary injunction and for appointment of counsel. (Docs. 37, 38, 42.) The motions are denied.

## I. MOTION FOR RECONSIDERATION

Nichols seeks reconsideration of one portion of the Court's April 17, 2024 Order. (Doc. 36.) Nichols contends the Court erred by dismissing her claims against Defendant Brian Gootkin in his individual capacity. (Doc. 37.) She reiterates her prior assertions that Gootkin was personally aware of her situation and personally involved in what she considers to be unconstitutional conduct.

Nichols' motion fails to comply with L.R. 7.3, which requires leave of court prior to filing a motion for reconsideration. The rule prohibits repetition of argument, which is what Nichols does here. However, she may eventually be

1

entitled to the relief she seeks. The Court's prior Order dismissed the individual capacity claims without prejudice, in consideration of the fact that discovery may reveal facts that revive such capacity claims. The deadline for amended pleadings is August 16, 2024. (Doc. 44.) Should Nichols discover facts that reveal the personal involvement of Gootkin, she may attempt to amend her Complaint to reflect that. At this point, the motion for reconsideration is denied.

## II. MOTION FOR PRELIMINARY INJUNCTION

Nichols again seeks a preliminary injunction. (Doc. 38.) She seeks an order that would: 1) direct defendants who are not medical professionals not to make any decisions regarding Plaintiff's gender dysphoria treatment; 2) order defendants to provide Plaintiff with treatment by a medical professional deemed competent by the standards set by the World Professional Association for Transgender Health (the "Standards"), 3) order defendants to allow such a professional to make treatment decisions, and 4) order that, for the remainder of this lawsuit, the Standards be deemed the binding standards for Plaintiff's treatment. Plaintiff's brief asserts that she is likely to prevail on the merits because the prison staff who have been treating her are not medically qualified. (Doc. 39 at 2–7.) Her main point is that if staff do not have the proper medical qualifications their efforts to treat her gender dysphoria violate the Eighth Amendment.

2

Defendants disagree. (Doc. 43 at 4–6.) They contend that the issues are too fact intensive, and that Nichols is requiring a level of professional expertise that may not be required by law. Defendants assert, and the Court agrees, that Nichols has not established that she is likely to succeed on the merits. She may, but her assertions at this point are nothing more than that—her opinions about the care she has received and the quality of the persons providing it. Nichols and Defendants point the Court to cases in which courts have found injunctive relief to be appropriate in similar situations. *See Edmo v. Corizon, Inc.*, 935 F.3d 757, 767 (9th Cir. 2019); *Monroe v. Baldwin*, 424 F. Supp. 3d 526 (S.D. Ill. 2019). But in both of those cases, discovery had occurred and hearings were held. Here, the factual development of the record has barely begun, and the Court has no record to adequately assess likelihood of success. A preliminary injunction "should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). Thus, Nichols has not carried her burden on this element.

Nor has the analysis under *Winters* changed. *See Winter* v. *Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Nichols' new motion is backward looking, discussing the care she did not get in light of the care she is currently getting. Nichols' constitutional rights may have been violated—the

3

Court is not in a position to make that determination yet—but any past violation is not grounds for injunctive relief going forward, if circumstances have changed.

Further, though Nichols appears aware of the difference in the types of injunctive relief available, she continues to seek a mandatory injunction. She may not be asking for surgery in this motion, as she did in her last, but she is asking the Court to change the way the prison administers its medical practice. A "mandatory injunction orders a responsible party to take action" and "is particularly disfavored." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878–79 (9th Cir. 2009) (citation and quotation marks omitted). That is, Nichols does not seek to preserve the status quo, but rather, to change it. At this point, the Court has not been convinced such an order is necessary.

Based upon the record, extraordinary relief is not warranted at this point. Nichols has not met her burden of persuasion and has not demonstrated that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of an immediate order requiring Defendants to provide her surgery, that the balance of equities tip in her favor, or that an injunction is in the public interest. *See Winters*, 555 U.S. at 20. The motion is denied.

## III. MOTION FOR THE APPOINTMENT OF COUNSEL

For the reasons explained in its prior Order, Nichols' motion for the appointment of counsel is denied. Nichols' case is listed on the District of

Montana's pro bono opportunities list. At this point, Nichols has represented her cause effectively, and the Court finds no extraordinary circumstances that warrant appointment of counsel.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for reconsideration is DENIED. (Doc. 37.)

2. Nichols' motions for preliminary injunction and for the appointment of counsel are DENIED, subject to renewal. (Docs. 38, 42.)

3. At all times, Nichols must keep the Court updated about any change of address.

DATED this 31st day of May, 2024.

11:46 A.M.

Donald W. Molloy, District Judge
United States District Court